JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ECHEMENDIA,<br><br>Plaintiff,<br><br>v.<br><br>SUBARU OF AMERICA, INC., and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 2:20-cv-09243-MCS-JEM<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [11]** |

Before the Court is a Motion to Remand ("Motion") filed by Plaintiff William Echemendia. Mot., ECF No. 11. Defendant Subaru of America, Inc. filed an Opposition and Plaintiff filed a Reply. Opp., ECF No. 12; Reply, ECF No. 13. The Court deems the matter appropriate for decision without oral argument and **VACATES** the hearing. Fed. R. Civ. P. 78(b); Local Rule 7-15. The Motion is **GRANTED**.

**I. BACKGROUND**

Plaintiff filed a complaint in Los Angeles County Superior Court asserting two claims against Subaru under the Song-Beverly Warranty Act ("SBA"): (1) breach of implied warranty of merchantability, and (2) breach of express warranty. Compl. ¶¶ 14-34, ECF No. 1-2. Plaintiff's claims concern a 2016 Subaru WRX (the "Vehicle") that exhibited defects after he bought it, including "abnormal noises coming from the

1

engine, check engine light, and transmission issues." *Id.* ¶¶ 4-10. Plaintiff presented the Vehicle for repair "on at least three separate occasions" and notified Subaru of the defects, but Subaru failed to fix them. *Id.* ¶¶ 9-12. Before removing this matter, Subaru served Plaintiff with special interrogatories and requests for production. *See* Not. of Removal, ECF No. 1. Plaintiff's responses revealed that the parties were diverse and that Plaintiff's purchase price was $36,141.68. *Id.*; *see also* Sales Contract, Decl. of Kristan L. Ruggerello ("Ruggerello Decl.") Ex. D, ECF No. 12-1. The Vehicle's value, apart from the $11,139.06 in "Finance Charges" that have not accrued, appears to approximate $25,000. *See* Sales Contract 1-2. Plaintiff alleges, without explanation, that "[t]he amount in controversy exceeds $25,000, exclusive of interest and costs." Compl. ¶ 13. Under PRAYER FOR RELIEF, the Complaint lists:

- Replacement or restitution
- Incidental and consequential damages
- Civil penalties under the SBA not to exceed twice the amount of actual damages
- Attorneys' fees and costs
- The Vehicle's value as warranted minus its value as accepted
- Remedies under Chapters 6 and 7 of Division 2 of the Commercial Code

**II. LEGAL STANDARD**

To invoke diversity jurisdiction, a party must demonstrate there is complete diversity of citizenship between the parties and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. "The burden of establishing federal jurisdiction is on the party invoking federal jurisdiction." *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) "[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled ... [t]he removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds" $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (citation omitted).

2

## III. DISCUSSION

Plaintiff brings two breach of warranty claims under the SBA; alleges the amount in controversy exceeds $25,000; and seeks replacement or restitution, incidental damages, consequential damages, a civil penalty up to double Plaintiff's actual damages, fees, the Vehicle's value as warranted minus its value as accepted, and remedies provided in Chapters 6 and 7 of Division 2 of the Commercial Code. Because the amount in controversy is not clear from the face of the Complaint, Subaru must show it exceeds $75,000 by a preponderance. *Guglielmino*, 506 F.3d at 699. Subaru has failed to do so. *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) ("A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability.") (citation omitted).

### A. Actual Damages

Actual damages under the SBA are "equal to the actual price paid or payable by the buyer," minus the reduction in value "directly attributable to use by the buyer." Cal. Civ. Code § 1793.2(d)(2)(B)-(C). The reduction is based on miles driven before the first attempted repair. *Id.* Subaru proffers a copy of the Sales Contract which reflects a $36,141.68 purchase price and an approximate $25,000 Vehicle value. *See* Sales Contract. Subaru inexplicably cites the $36,141.68 purchase price as Plaintiff's actual damages without accounting for finance charges, evidence concerning when repairs were made, or anything else that could allow the Court to reliably estimate actual damages. Opp. 6. Subaru instead focuses on downplaying the statutory offset's impact on actual damages, arguing that "Plaintiff's use of the vehicle… would be for the judge or jury to decide after hearing evidence of repairs." Opp. 5. This argument ignores that it is Subaru's burden, not Plaintiff's, to offer such evidence. *Marks*, 530 F.3d at 810. Without maintenance records or well-pled allegations concerning Plaintiff's use or attempted repairs, the Court is left to guess what actual damages might be.

Plaintiff's actual damages under the SBA are therefore speculative, at best, given the record before the Court.

**B. Civil Penalties**

The Complaint alleges Plaintiff is entitled to a civil penalty up to twice the amount of his actual damages under California Civil Code section 1794, which only applies if a defendant's violations are willful. Compl. PRAYER FOR RELIEF clause. Plaintiff argues that civil penalties should not be "assumed" in determining the amount in controversy because Subaru has presented only speculation to support Plaintiff's entitlement to civil penalties. Mot. 6-8; Reply 7-8. The Court agrees.

Subaru cites no allegations suggesting the type of willfulness required to justify civil penalties, let alone has it demonstrated how much those penalties might be. *Zawaideh v. BMW of North America, LLC*, 2018 WL 1805103, at *2 (S.D. Cal. Apr. 17, 2018) ("Rather than simply assume that because a civil penalty is available, one will be awarded, the defendant must make some effort to justify the assumption by, for example, pointing to allegations in the Complaint suggesting award of a civil penalty would be appropriate, and providing evidence—such as verdicts or judgments from similar cases—regarding the likely amount of the penalty.") Plaintiff's sole allegation remotely inferring willfulness is that Subaru misrepresented it would cure the Vehicle's defects. Compl. ¶¶ 9-12. Such a vague contention, without more, does not satisfy Subaru's burden. *Castillo v. FCA USA, LLC*, 2019 WL 6607006, at *2 (S.D. Cal. Dec. 5, 2019) (remanding where defendant provided no argument or evidence for including a civil penalty in the amount in controversy); *Sanchez v. Ford Motor Co.*, 2018 WL 6787354, at *2 (C.D. Cal. Dec. 4, 2018) (remanding where "Defendant has not offered any evidence to support" civil penalties under the SBA); *Lawrence v. FCA US LLC*, 2016 WL 5921059, at *4 (C.D. Cal. Oct. 11, 2016) (SBA's civil penalty not considered in amount in controversy due to no "analogous verdicts or estimates about the amount").

The Court rejects Subaru's unfounded request that the Court accept its "assumption" of maximum civil penalties. Opp. 5 (citing *Park v. Jaguar Land Rover N. Am., LLC*, 2020 WL 3567275, at *6 (S.D. Cal. July 1, 2020) ("Defendant's assumption that the amount in controversy includes the maximum amount of civil penalties is

reasonable" because "this assumption is founded on the allegations of the Complaint."")) Unlike the defendant in *Park*, Subaru cites no allegation or evidence to support a civil penalty twice the amount of actual damages. *Compare Park*, 2020 WL 3567275, at *6 (higher civil penalties assumed because vehicle cost $68,268.16 and complaint expressly sought maximum civil penalties) *with* Compl. (seeking civil penalties "**not to exceed two times** the amount of Plaintiff's actual damages" concerning vehicle with approximate $25,000 value) (emphasis added). Subaru's lack of evidence supporting civil penalties is compounded by the uncertainty of Plaintiff's actual damages. *Edwards v. Ford Motor Co.*, 2016 WL 6583585, at *4 (C.D. Cal. Nov. 4, 2016) ("However, as determined above, Defendant failed to establish the amount of actual damages at issue, which is necessary to determine the total civil penalty. Accordingly, the Court cannot determine the amount of any potential civil penalty either.")

The Court therefore cannot reliably determine the amount of civil penalties to which Plaintiff may be entitled, if any. The Court notes that even if Subaru proffered evidence supporting the maximum civil penalty and actual damages equaling the Vehicle's approximately $25,000 full "cash value," which it has not, Plaintiff's damages would be roughly $75,000 before a statutory offset and other damages.

**C.   Fees**

"Section 1332(a)'s amount-in-controversy requirement excludes only 'interest and costs' and therefore includes attorneys' fees." *Guglielmino*, 506 F.3d at 700; *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met"). Subaru presents no fee evidence, nor does it argue that fees should be included in the amount in controversy. Opp. 6. Without argument or evidence establishing fees, the Court has no basis to include them in the amount in controversy. *Eberle v. Jaguar Land Rover N. Am., LLC*, 2018 WL 4674598, at *3 (C.D. Cal. Sept. 26, 2018) ("Courts have been reluctant to estimate reasonably attorneys' fees without knowing what the attorneys in the case bill,

or being provided with 'evidence of attorneys' fees awards in similar cases,' and have found information far more specific than this to be insufficient for the purposes of including attorneys' fees in the amount in controversy.") (citations omitted).

## IV. CONCLUSION

Because actual damages and fees are unknown, potential civil penalties are speculative, and Subaru identifies no additional sums to which Plaintiff may be entitled, Subaru has failed to show it is "more likely than not" that the amount in controversy exceeds $75,0000. Plaintiff's Motion to Remand is therefore **GRANTED**. The Court **REMANDS** this action to the Superior Court of California for the County of Los Angeles. All dates and deadlines are **VACATED**. The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

Dated: December 11, 2020 _____

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE

6